[Civil No. 1194.   Filed March 25, 1911.]

[115 Pac. 76.]

T. S. BUNCH, Probate Judge of Graham County, Petitioner, v. J. A. WOODS, as County School Superintendent of Graham County, Respondent.

1. COUNTIES—CLASSIFICATION—DETERMINATION.—Where the act creating a new county out of an established one provided that the supervisors of the two counties should determine the proportion of the taxable property in each county according to the equalized valuation (Laws 1909, c. 21), and the law provides that the classification of the counties shall be dependent upon the amount of taxable prop-

erty as determined by the board of equalization (Civ. Code 1901, par. 2608), a finding by the supervisors as to the amount of property is conclusive, and a finding that the taxable property in the old county was less than $3,000,000 threw it into the second class.

2. SCHOOLS AND SCHOOL DISTRICTS—OFFICERS—REMOVAL.—Where a county of the first class was divided, thus becoming one of the second class, the office of county school superintendent was vacated, the statute providing that the probate judge in a county of the second class shall perform the duties of such superintendent, and hence the former county superintendent cannot hold that office and draw compensation, but must deliver his records to the probate judge.

CAMPBELL, J., dissenting.

PETITION for writ of *mandamus.* Writ issued.

The facts are stated in the opinion.

A. G. McAllister, for Petitioner.

Stratton & Lynch, for Respondent.

PER CURIAM.—The law provides that the classification of counties shall be dependent upon the amount of taxable property as determined by the county board of equalization (Civ. Code 1901, par. 2608). By the terms of the act creating Greenlee county (Laws 1909, c. 21), it was provided that the boards of supervisors of Graham and Greenlee counties should meet and determine the proportional part of such equalized valuation lying within the exterior boundaries of Graham and Greenlee counties, respectively. As it is essential that the class to which each of said counties belongs should be determined, and no other means for the determination of that fact exists, the determination of such boards of supervisors so made must be taken as conclusive; and as, under such determination, the county of Graham was reduced to a county of the second class, the duties of the county school superintendent devolved upon the probate judge from and after the date of such determination, and the right of the incumbent of the office of county school superintendent to compensation thereupon ceased. The condition is the same as if in the August following an election of an officer for two years in a given county the board of supervisors ascertained that by the equalized assessed valuation such county had dropped from a county of the first

class to a county of the second class.   In such a case we have held that thereafter the salary of such officer is not the salary of such officer in a first-class county, but the reduced salary of such officer in a second-class county.   The same rule applies here.   By law, when a county becomes a second-class county, the office of county school superintendent is no longer an independent office, but the duties are performed by the probate judge (Civ. Code 1901, par. 1054).   The board having by authority of the legislature ascertained the relative proportion of Graham and Greenlee counties of the equalized assessed valuation as made in 1910, and it appearing that Graham county has less than a $3,000,000 valuation, Graham county has become a county of the second class, and no longer has an independent county school superintendent, since his duties have devolved upon the probate judge.   We do not perceive that the provisions of the so-called enabling act operate to continue the respondent in office under the facts as presented.

The right of the county school superintendent to such office has therefore ceased, and the writ should issue as prayed for.

KENT, C. J., and DOAN and DOE, JJ., concur.   CAMPBELL, J., dissents.