HENRY KIMBLE v. FREDERICK BUNNY.

No. 11,402. (60 Pac. 746.)

PROMISSORY NOTE—*Effect of Verified General Denial.* A petition set out copies of three promissory notes and contained an averment that they were executed and delivered by the defendant to the plaintiff. The defendant, for answer, filed a general denial stating that he denied each and every allegation contained in the petition. This answer had attached thereto a verification which stated "that he (defendant) is acquainted with the facts set forth in the foregoing answer, and that the facts therein stated are true." *Held,* that the answer so verified did not put in issue the execution of the notes sued on.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed April 7, 1900. Affirmed.

*David Ritchie,* for plaintiff in error.

*Burch & Burch,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff below, Frederick Bunny, brought an action against Henry Kimble based on three promissory notes alleged to have been executed by the latter. The defendant answered by filing a general denial, with a verification, as follows:

"Comes now the said defendant, Henry Kimble, and for his answer to the plaintiff's petition herein denies each and every allegation therein contained."

"State of Illinois, County of Grundy, ss.

"Henry Kimble, being of lawful age and being first duly sworn, deposes and says: That he is acquainted with the facts set forth in the above and foregoing answer, and that the facts therein stated are true. So help me God.

HENRY X̶ KIMBLE.

"Subscribed and sworn to before me this 30th day of August, 1897. JOHN BARTON, *Notary Public.*"

(SEAL.)

If no denial of the execution of the notes sued on

was made by this answer so verified, then the errors complained of which relate to the rejection of testimony offered by the defendant below become immaterial.   By the provisions of our statute, allegations of the execution of written instruments and indorsements thereon are taken as true in all actions, unless a denial of the same be verified by the affidavit of the party, his agent or attorney. (Gen. Stat. 1897, ch. 95, § 108; Gen. Stat. 1899, § 4358.)   Section 111 of the code reads :

   " The affidavit shall be sufficient if it state that the affiant believes the facts stated in the pleading to be true."

This answer contains no statement of facts, and the verification subjoined to it is appropriate to that required to be attached to a pleading which avers facts affirmatively.   If the answer had contained a specific denial that the defendant below had executed the notes, copies of which were set forth in the petition, then the verification would have been sufficient.   In such case an affirmative statement would have appeared, to which the language of the affidavit attached to the answer would have been applicable.   In a general denial there are no facts stated.   The pleading contains denials, but the verification employed in this case contains no statement that the denials are true. Further, the defendant below, in the affidavit, states " that he is acquainted with the facts set forth in the above and foregoing answer, and that the facts therein stated are true."   This was probably intended to mean that he was acquainted with the facts set forth in the petition, for the answer is negative in character and contains no affirmative statement of facts.   It is quite clear that the general denial thus verified did not put in issue the execution of the notes.

The judgment of the court below will be affirmed.