KEEN & DE WADE v. FLETCHER *et al.*

No. 1486.   Opinion Filed March 12, 1912.

Rehearing Denied May 28, 1912.

(123 Pac. 842.)

1.   **APPEAL AND ERROR** — Continuance — Grant — Discretion of
     **Court.**  Whether a continuance shall be granted is in the sound
     discretion of the trial court.

2.   **REPLEVIN**—Judgment—Damages.   Under section 5696, Comp.
     Laws 1909, in an action to recover personal property, if the prop-
     erty has been delivered to the plaintiff and the defendant claim a
     return thereof, judgment for the defendant may be for the value
     of the property in case a return cannot be had, and damages for
     taking and withholding the same.

(Syllabus by the Court.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by Keen & De Wade against James B. Fletcher and
others.   Judgment for plaintiffs, and defendants bring error.
Affirmed.

*R. E. Echols* and *W. B. Merrill,* for plaintiffs in error.

*Phillips & Mills* and *Massingdale & Duff,* for defendants
in error.

KANE, J.   This was an action in replevin, commenced by
the plaintiffs in error, plaintiffs below, against the defendants
in error, defendants below, in which the verdict of the jury,
upon which the judgment was rendered, is as follows:

"We, the jury empaneled and sworn to try the issues in the
above-entitled cause, do, upon our oath, find for the defendant,
G. L. Fletcher, against the plaintiffs, damages in the sum of
$836.00.   We further find for the defendant James B. Fletcher
against the plaintiffs damages in the sum of $300.00, the aggre-
gate being the reasonable market value of the cattle and horses
seized and sold by the plaintiffs, together with seven per cent.

(7 per cent.) interest from November the first, 1904, the date of the sale of the cattle and horses."

There are two assignments of error argued by counsel for plaintiffs in error in their brief: (1) The court erred in refusing to continue the case upon the motion of the plaintiffs made at the trial. (2) The verdict returned by the jury and the judgment of the court thereupon was not sustained by the evidence, and was contrary to law, and was not the verdict or judgment required by law to be given under the issues between the plaintiffs and defendants.

Whether a continuance shall be granted is in the sound discretion of the trial court, and, as we can find no abuse of discretion in refusing to continue this case, the first assignment of error must be held to be unavailing.

The second assignment is based upon the theory that, this being a replevin action, the verdict and the judgment therein ought to have been in the alternative. Section 5696, Comp. Laws 1909, provides:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

In the present case judgment was for the defendants and it was for the value thereof, and not in the alternative, because the evidence showed and the jury found that the cattle and horses seized were turned over to the plaintiffs, who sold the same to several individual purchasers long before the case was tried and judgment rendered. Under such circumstances, judgment should have been for the value of the property. The general rule is laid down in 34 Cyc. 1528, upon statutes similar to ours, as follows:

"The statutes usually require that verdict in favor of a party for a return of the property should be in the alternative for the possession of the property or for the value thereof in case it

cannot be returned; but an alternative verdict is not necessary upon such issues, where it is in favor of the party who has the possession of the property, or where there cannot be a return of the property."

Finding no error in the record, the judgment of the court below is affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.