SIMS *et al.* v. HEDGES.

No. 1774. Opinion Filed April 9, 1912.

(123 Pac. 155.)

1. INFANTS—Actions—Verification of Pleading. Under section 5641, Comp. Laws 1909, requiring a guardian who defends for a minor to put in issue all the material allegations of the petition, and section 5649, providing that it is unnecessary for such a guardian to verify his answer in order to put in issue the execution of written instruments and indorsements thereon, a general denial filed by such guardian puts in issue every material allegation of a petition, including allegations of the execution of written instruments and other allegations which an adult must deny under oath.

2. PLEADING—Demurrer to Evidence. In an action by a purported assignee of a note and mortgage, seeking to foreclose the mortgage after the death of the makers thereof, and when the minor heirs of the makers are made parties defendant, and when their guardian ad litem has filed a general denial, as required by the statute, and the only evidence offered is evidence tending to show the execution of the note and mortgage, there being no evidence of the death of the makers, or of the assignment, or of the appointment of the administrators, or of any balance due on the note, it is error to overrule a demurrer to the evidence.

3. SIGNATURES—"Signature" by Mark—"Subscription." Under sections 2965 and 6492, Comp. Laws 1909, in order for one, who cannot write, to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, except in

the case of a paper executed before a judicial officer; and when the name of the maker is written by one person, and a wholly different person writes his name as a witness, this does not constitute a ''signature.''

(Syllabus by Ames, C.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by Martha Hedges against David Sims, administrator of the estate of John Sims, deceased, and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*John T. Bradley, Jr.,* for plaintiffs in error.

*George L. Bowman,* for defendant in error.

Opinion by AMES, C. Martha Hedges, the defendant in error, hereinafter referred to as the plaintiff, brought this action against the defendants on a note which purported to be secured by a real estate mortgage, executed by the same parties. The petition alleged that the makers of the note were dead; that some of the defendants were their administrators and the others their heirs; that the plaintiff had acquired the note by transfers from the original payee. Several of the defendants were minors. A guardian *ad litem* was appointed for these minors, who answered by a general denial, and a special denial that the note or mortgage was ever made, or executed, or delivered, as alleged in the petition, but if any such note or mortgage was executed, they have been paid, and, if not paid, the time had been extended by the holder thereof. The plaintiff offered evidence tending to show that John Sims had executed the note and mortgage, and that Louisiana Sims had executed them by mark; but the testimony was uncontradicted that the person who wrote her name on the note and mortgage did not write his name as a witness, and that the one who witnessed it was not the one who wrote Louisiana's name. There was no evidence tending to show the appointment of the executor and the administrator, that the makers were dead, or that the other defendants were

their heirs. Nor was there any evidence of the indorsement by the payee, except the introduction of the note itself, which purported to contain a written indorsement. Judgment was rendered for the plaintiff, and the defendants bring error.

As minors were involved, the first question which arises is as to the effect of these answers. Comp. Laws 1909, secs. 5648 and 5649, are as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney.

"The verification mentioned in the last section shall not be required to the answer of a guardian defending for an infant or person of unsound mind, or a person imprisoned."

From these sections, it is seen that a verification is not necessary when the defense is by the guardian defending for an infant. Comp. Laws 1909, sec. 5641, is as follows:

"The guardian of an infant or person of unsound mind, or attorney for a person in prison, shall deny, in the answer, all the material allegations of the petition prejudicial to such defendant."

From this, it is seen that it is the duty of the guardian to deny all the material allegations of the petition which are prejudicial to the infant defendants. By construing these pleadings in the light of these statutes, we are forced to conclude that in the case of an infant defending by guardian *ad litem* the general denial and the denial of the execution of the note and mortgage imposed upon the plaintiff the burden of establishing all the material allegations of her petition. Indeed, in *Lilly v. Russell & Co.*, 4 Okla. 94, 44 Pac. 212, it is held that a verified general denial puts in issue the execution of the note and mortgage pleaded by the plaintiff, although in *Kimble v. Bunny*, 61 Kan. 665, 60 Pac. 746, it is held that a general denial verified did not put in issue the execution of the written instrument, although the decision was based upon the form of the verification.

, As there was no evidence tending to establish any fact in the case, except the execution of the note and mortgage, it was not sufficient on which to base a judgment foreclosing the interest of these minors in the property. There was no proof of the death of the mortgagors. There was no proof of the assignment of the note. There was no proof of the appointment of the administrator, nor the executor. There was no proof that there was any balance due on the note. As against these minors, the statute expressly provides that their guardian shall put in issue every material fact; and therefore nothing could be presumed. The evidence was therefore insufficient to support a judgment as against them, and the demurrer thereto should have been sustained.

Another question presented by the record is whether the evidence offered showed the execution of this note and mortgage by Louisiana Sims, one of the purported makers. As previously stated, this evidence showed plainly that Louisiana had signed by mark, and that the person who wrote his name as a witness to the mark was not the person who wrote her name on the instruments. Section 2965, Comp. Laws 1909, amongst other things, provides:

"* * * 'Signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness. * * *"

And section 6492 is as follows:

"The term signature includes a mark when the person cannot write, his name being written near it, and the mark being witnessed by a person who writes his own name as a witness, except to an affidavit or deposition, or a paper executed before a judicial officer, in which case the attestation of the officer is sufficient."

In *Sivils v. Taylor*, 12 Okla. 47, 69 Pac. 867, it is held that "the mark of one who cannot write, under the statutes of this territory, is not a signature or subscription, unless the person writing his name writes his own name as a witness under it." Under this rule it is apparent that the note sued on had not been

executed by Louisiana Sims, and the mortgage had not been executed, unless it was "a paper executed before a judicial officer," and, as this point is not briefed, we do not pass upon it at this time, but, in this connection, see *Campbell v. Harsh,* 31 Okla. 436, 122 Pac. 127.

The case should be reversed and remanded for a new trial. By the Court:  It is so ordered.