## WALKER BOND & CO. v. PURIFIER *et al.*

No. 1832.    Opinion Filed May 14, 1912.

(124 Pac. 322.)

1.    APPEAL AND ERROR—Review—Refusal of Continuance.   A motion for a continuance is addressed to the sound discretion of the trial court, and the action of such court in overruling such motion will not be disturbed on appeal, unless it clearly appears that there has been an abuse of discretion.

2.    SIGNATURES—Execution by Mark—Witnesses.   Under sections 2965 and 6492 of Comp. Laws 1909, in order for one who cannot write to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, except in the case of a paper executed before a judicial officer, and, when the name of the maker is written by one person and a different person writes his name as a witness, this does not constitute a signature.

(Syllabus by Brewer, C.)

*Error from Love County Court;*
*R. A. Keller, Judge.*

Action by Walker Bond & Co. against Henry Purifier and Charlotte Purifier.   Verdict for plaintiff for a portion of the property claimed, and from an order denying a new trial plaintiff brings error.   Affirmed.

*Eddleman & Graham,* for plaintiff in error.

*B. C. Langsdon,* for defendants in error.

Opinion by BREWER, C.   This is a suit in replevin, brought by plaintiff in error, Walker Bond & Co., as plaintiff below, against Henry Purifier, one of the defendants in error, as defendant below.   We will refer to the parties hereafter as they were known in the trial court.   There was taken under the writ of replevin a crop of cotton, three mules, a colt, and seven head of cattle, which it was alleged the defendant had mortgaged to plaintiff.   The defendant answered, denying that he had ever mortgaged to plaintiff the seven head of cattle.   The

interpleader, Charlotte Purifier, wife of defendant, filed her inter-
plea in the case, setting up title and ownership in herself of the
seven head of cattle taken under the writ.    Plaintiff replied to
the interplea by general denial.    Upon the issues thus raised the
cause was tried to a jury.    The court instructed a verdict in
favor of plaintiff and against the defendant for all of the prop-
erty except the cattle.    The jury returned a verdict in favor of
the interpleader for the cattle, or their value, and fixed the value
at $105.    When the verdict was returned, the interpleader at
once, with leave of court, entered a *remittitur* in the sum of $30,
to the end that the verdict would conform to the proof regarding
value.    It was shown in the proof that the cattle had been dis-
posed of by the plaintiff before the trial.    A motion for a new
trial was filed by plaintiff, overruled, exceptions saved, and the
case is brought here for review.    The errors argued in the brief
are (1) in overruling motion for continuance; (2) excluding cer-
tain evidence; (3) in giving certain instructions and refusing
to give others; (4) in rendering judgment on the verdict; (5)
overruling motion for new trial.

The first assignment of error challenges the action of the
court in overruling the plaintiff's motion for continuance.    This
motion was based on the absence of one of the plaintiffs on ac-
count of sickness.    The other plaintiff was present at the trial,
and testified.    The affidavit for a continuance set out what the
absent witness would testify to if present, and the defendant
agreed that such statement might be used and treated as the testi-
mony of the absent witness.    It further appears that there is
little conflict on the question of how the instrument was executed,
and as the rights of the interpleader did not, primarily, depend
on the manner of the execution of the mortgage, but rather upon
her ownership of the property, so far as we can see, the testi-
mony of the absent witness would not have been very material or
valuable.    It is so well settled that the court exercises discretion
in passing on a motion for continuance, and that his action thereon
will not be disturbed except in case of an abuse of discretion, that

authorities need not be cited to support the rule. It does not appear that the court abused its discretion.

Second. The evidence which the court excluded was not competent. The witness L. O. Smith was asked if defendant did not give witness a mortgage in each of the years 1902-03-04, and if there were cattle included in those mortgages. The witness replied there were, if he was not mistaken. The witness appeared to be in doubt. Attorney for interpleader objected on the ground that the mortgages were the best evidence as to whether they included cattle, that the description would show whether they were the cattle claimed by the interpleader. The witness was then asked where the mortgages were, and replied at Ardmore, that he did not know whether or not he could get them, and that he had not tried to get them. We are not aware of any exception to the general rules of evidence that would make the testimony competent. The witness was not certain that cattle were included in the mortgages, and, of course, could not say they were the cattle involved in this suit. The only way this testimony could have been competent, with the mortgages present, or their loss or destruction accounted for, would have been to first show they included some of the same property now claimed by the interpleader, thus tending to show knowledge, consent, and acquiescence on her part to have them mortgaged by her husband. If they were other cattle than those claimed, the evidence would have been immaterial as between plaintiff and the interpleader.

Third. The plaintiff discusses together the giving of instructions Nos. 3 and 5 and the refusal to give the paragraphs 1, 2, 3, and 4 of the instructions requested by plaintiff. The main objection to the instructions given, as presented in the brief, is to that part of No. 5 wherein the court charges on how an instrument may be executed by mark when the party cannot write his name. The court said:

"You are instructed that, under the law of this state, it is necessary, where a person signs a note or mortgage by mark, for the person writing the name of the maker to also sign the same as a witness to such signature and mark."

This was a correct view of the law.

Section 2965, Comp. Laws 1909, says:

"* * * 'Signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness."

Section 6492, which is a part of the chapter on criminal procedure, does not modify the above, in so far as this case is concerned. That the person writing the name of another who cannot write and who executes a paper by mark must sign his own name as a witness to such mark has been held by the Oklahoma Territorial Supreme Court in *Sivilis v. Taylor,* 12 Okla. 47, 69 Pac. 867, and recently by this court in *David Sims, etc., v. Margaret Hedges, ante,* 123 Pac. 155. In this case the paper was not acknowledged before an officer. The plaintiff tries to overcome and distinguish this from the Sivilis case, *supra,* but without success; and, of course, plaintiff did not know of the *Sims v. Hedges* case, *supra,* as it was decided after the briefs were filed. The statute of Arkansas and numerous decisions of that state are cited, but there is a fundamental difference in the two statutes. The instructions asked by plaintiff were all based on the idea that, although the transaction out of which this suit grew was in 1909, yet that, inasmuch as the interpleader traced her claim of title to the property back to the purchase of the mother cow of the herd several years prior to statehood, the law of Arkansas relative to the scheduling by a married woman of her personal property was applicable; and the instructions asked contained this or similar language:

"If, however, said Charlotte Purifier did not schedule said property as her sole and separate property as hereinbefore explained to you, and permitted her husband, Henry Purifier, to use and control the same as his own, then a sale or mortgage of such property by him would pass title."

This instruction and the others containing similar language were properly refused. There was no proof that the interpleader, the wife, had the slightest knowledge that her husband, in the present case, or at any previous time, had ever mortgaged these cattle, or that she ever gave authority, or consented, or acqui-

esced in his doing so. The proof did tend to show that her husband had done so, but he denied this, and testified that when the mortgage in suit was given he refused to have the cattle included, and that he stated that they did not belong to him. One of the plaintiffs admitted that defendant "said something about the cattle being his wife's," etc., but that he consented for them to go into the mortgage. The general charge of the court fairly presented the issues to the jury, properly placed the burden of proof on the interpleader, and contains no statements of the law requiring a reversal.

Fourth. This objection goes to the nature of the verdict, which merely disposed of the issue between plaintiff and the interpleader, by finding in her favor for the value of the cattle. The objection is made that this left the issue between plaintiff and defendant undisposed of, but, in fact, no contention was made in the case by the defendant, or the interpleader, about any of the property except the cattle, and the court directed a verdict for plaintiff as to all other property as a matter of law; and whether a formal verdict as to the other property was returned or not is immaterial here, as the court treated the case as if a demurrer to the evidence had been sustained as to defendant's property, and gave judgment to plaintiff for it accordingly. Defendant does not complain, and plaintiff ought not to.

Finding no substantial error, the judgment should be affirmed.

By the Court: It is so ordered.