## MOORE *et al.* v. LEIGH-HEAD & CO.

No. 4684. Opinion Filed June 15, 1915.

(149 Pac. 1129.)

1. **PLEADING—General Denial—Burden of Proof—Execution of Bond.** In a suit on a bond, where the defendants file a verified general denial, the burden is upon the plaintiffs to prove the execution of the bond.

2. **APPEAL AND ERROR—Reception of Evidence—Cure of Error.** An error in admitting the bond in evidence before its execution is proven is cured by the introduction of evidence afterwards to the effect that the defendants had admitted signing the same.

3. **PARTNERSHIP—Action After Dissolution.** Where the bond was made to a copartnership, and an action on the bond is instituted in the name of the copartnership, if at the trial it develops that the firm had dissolved and a member of the firm had taken over the assets of the firm, including the bond, it was not error to overruled a motion to dismiss the action on account of misjoinder.

4.   **PARTIES—Party in Interest—Right to Object—Action on Bond.**
In an action on a bond, where the defendants have not shown
that they have a defense to the bond, the question as
to who the real party in interest is does not concern the de-
fendants. Except where the defendants have pleaded a defense
of **mala fide** possession or one which turns upon a point involving
the personal conduct of the alleged real party in interest, the
defendants will not be heard to complain that the plaintiffs, in
a suit on a bond, are not the real parties in interest.

5.   **TRIAL—Direction of Verdict—Evidence.** Where the evidence in-
troduced by the plaintiffs makes out the plaintiffs' case, and the
defendant introduces no evidence to rebut it, the court should
instruct a verdict for plaintiffs.

(Syllabus by Mathews, C.)

*Error from County Court, Le Flore County;*
*P. C. Bolger, Judge.*

Action by Leigh-Head & Co., a partnership, against
A. J. Moore and others. Judgment for plaintiff, and
defendants bring error. Affirmed.

*Fred H. Fannin* and *Varner & Neely,* for plaintiffs
in error.

*Ira D. Oglesby,* for defendant in error.

Opinion by MATHEWS, C. 1. This action was brought
in the county court of Le Flore county by Leigh-Head &
Co., defendant in error, hereafter called plaintiff, against
A. J. Moore, Pony Cotton, and James Keese, plaintiffs in
error, hereafter called defendants, as sureties on a bond
of J. T. Keeton, principal, to indemnify said Leigh-Head
& Co., general agents for the Pacific Mutual Life Insurance
Company, for the acts and accounting of the said Keeton,
as the agent of said general agents. The action is brought
by Leigh-Head & Co., a partnership, against said defend-
ants; it being alleged in the petition that plaintiff is a firm
composed of L. B. Leigh and C. D. Head and they seek

to recover the face of the bond, to wit, $500; it being alleged that a final settlement with the agent J. T. Keeton had been had and a note of $917.80 executed by the said Keeton as evidence of the amount found due upon settlement, the bond sued on being set out in full in the body of the petition.

To the petition defendants filed a verified answer, which, as far as is necessary for this opinion, is set out as follows:

"(1)  That they deny each and every material allegation in plaintiff's petition set out and contained."

"(3)  For further answer defendants say that plaintiff has no right to maintain this action, for the reason that they have brought said action in their firm name instead of the individual members of said firm, as required by law."

To the answer plaintiffs filed a general denial.

At the close of plaintiff's evidence, the defendants offered no evidence, and the court, upon motion of the plaintiffs, instructed the jury to return a verdict for the plaintiffs for the amount sued for. The defendants filed their motion for a new trial, which was overruled, and this appeal taken.

2.  As grounds for reversal the defendants urge these three propositions:

"The court erred in admitting the bond in evidence over the objection of the defendants."

"The court erred in refusing defendants' motion to dismiss for misjoinder."

"The court erred in peremptorily instructing the jury for plaintiff."

These propositions will be considered in the order named.

3. The plaintiffs placed the witness Leigh on the stand, and he testified that J. T. Keeton sent his firm the bond sued on, but that he did not know the signatures of any of those whose names appear on the bond, and he further stated that he did not know that they signed the bond. With this evidence, plaintiffs offered the bond as evidence, and the defendants objected to the introduction of the same for the reason that the execution was denied under oath and the signatures of the sureties had not been identified. The court overruled the objection and permitted the bond to be introduced as evidence. In this the court committed error, because, the defendants having answered by a verified general denial, this placed the burden upon the plaintiffs to prove the execution of the bond sued on. *Lilly v. Russell*, 4 Okla. 96, 44 Pac. 212; *Richardson et al. v. Fellner et al.*, 9 Okla. 513, 60 Pac. 270.

But the error of the court in admitting the bond as evidence at this time was fully cured by the introduction of evidence later by the plaintiffs, which fully substantiated the fact that defendants had signed the bond as sureties; the nature of the evidence being admissions that they had signed the bond.

4. It developed in the trial that the firm of Leigh-Head & Co., plaintiffs in this action, on the 1st day of August, 1910, had been dissolved, and that L. B. Leigh had succeeded the firm, taking over all of its assets; this suit having been filed in the name of the firm on June 19, 1911. The defendants here moved that the action be dismissed for misjoinder, urging that L. B. Leigh could not maintain the action in the partnership name, which motion the court overruled. The ruling of the court was correct, viewed even from defendants' contention that L. B. Leigh had taken over the entire assets of the firm and it had

ceased to exist. In the well-considered case of *Berry et al. v. Barton et al.*, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, by Judge Burwell, we find the following:

"When a party executes a note payable to a person named therein or to his order, and then fails to pay the same at maturity, and the payee files his petition reciting the execution of the note by the maker to the plaintiff, for a valuable consideration, and the fact that defendant has defaulted, ownership is presumed in the plaintiff, from the facts pleaded; and it is not absolutely necessary for him to formally allege that he is still the owner and holder of such note; and an answer which denies that such plaintiff and payee is the owner and holder of such note sued on, and alleges that he is not the real party in interest, states no defense, and the plaintiff is entitled to judgment on the pleadings."

Following that case, the trial court, upon motion, could have stricken that part of defendants' answer setting up the plea that the suit was not brought by the real party in interest, and the court properly overruled defendants' motion to dismiss for misjoinder upon defendants' contention that the evidence showed that the firm had been dissolved and that L. B. Leigh then owned the note and was the real party in interest.

The provision common in all statutes that the action must be prosecuted by the real party in interest has been the subject of much judicial consideration, and the courts universally hold that the object of this provision of the statute is to make it possible always for the defendant to be able to present his defense to the action, should he have a defense or set-off against the real party in interest; but in an action, as in the case at bar, the defendant has no concern in the question as to who the real party in interest is, except where he has pleaded a defense which

turns upon points involving the personal conduct of the real party, and a failure to state any defense against the alleged real parties prevents the defendants from complaining that the plaintiffs are not the real parties in interest.

In fact, as far as the defendants are concerned, not only can it in no way prejudice their rights, but it is to their whole interest that the suit in this case be instituted by the firm and not by one member of the firm who succeeded the firm, because their entire dealings had been with the firm, and, if they had a defense of any kind against this action, it would have to be aimed at the conduct of the firm and not of the individual who succeeded the firm. If the individual had instituted the action in his individual name, then defendants might have had some just cause to complain; but, as it has been instituted in the firm name, they are thereby given the opportunity to easily and readily avail themselves of any defense open to them without having to fight over the head of some one else. It can be no consolation to them and can avail them in no way as a defense, even if it be true that L. B. Leigh does in fact own the account and contract in his individual name, when they have no defense to it. As far as they can inquire in a case like this is that they may not be compelled to pay the bond twice, and no such contingency can arise here. In fact, they are doubly protected along that line, if it be true, as they allege, that the suit is being maintained in the name of the original payees by one who has succeeded to its rights. Either would be estopped from again demanding payment, if payment should be effected in this action.

We hold, under the evidence, that this suit is being maintained by the proper parties, by the real parties in

interest. Witness Leigh testified that he took over the assets of the firm to wind it up, and that, when he had collected all the debts he could, if there were any assets his former partner, Head, would get a part of it, and if there was a liability he would have to pay in his part, and from this viewpoint Head would still have a beneficial and equitable interest in the assets of the firm, and it would be entirely proper to maintain the suit in the firm's name, under those conditions.

5. We think the court was fully justified in instructing the jury to return a verdict for the plaintiffs. The plaintiffs made out their case, and defendants offered no evidence to rebut the same, and there was no contested fact for the jury's consideration. The execution of the bond was proven by admissions of the defendants that they signed the same. While there was some contention about four items, in the aggregate of $117.50, being a proper charge under the provisions of the bond sued on, yet that becomes immaterial as the balance due the plaintiffs by Keeton, the principal on the bond, was $917.69, as evidenced by a note for that amount, and, should the sum of $117.50 be deducted from the amount of the note, there would be remaining still due a sum in excess of $500, the face of the bond sued on.

For these reasons the judgment of the trial court should be affirmed.

By the Court: It is so ordered.