## CORRELL et al. v. MORGAN.

No. 6977—Opinion Filed July 30, 1918.

(174 Pac. 509.)

1. Pleading—Burden of Proof — Execution of Written Instrument—Verified Denial.

When a recovery is sought upon a written obligation and the execution of the instrument is put in issue by a verified denial, the burden of proving the execution of the instrument is on the plaintiff, and, in the absence of any proof of the execution of the instrument sued on. a demurrer should be sustained to the evidence of plaintiff.

**2. Attachment—Parol Evidence — Value of Property Attached—Return.**

An officer's return is prima facie evidence of the value of the property attached in the absence of any other proof, but is not exclusive upon either the officer or the parties to the action, and their privies, and is subject to be overcome by parol evidence of a different value.

**3. Sheriffs and Constables — Appointment of Deputy—Evidence—Records of County Clerk.**

The record of the county clerk showing the approval of a deputy sheriff is some evidence of the appointment, and is sufficient to make the question an issue of fact to be determined by the court or a jury.

(Syllabus by Davis, C.)

Error from County Court, Osage County: Paul B. Mason, Judge.

Action by V. D. Morgan against R. A. Correll and the Southwestern Surety Insurance Company. Judgment for plaintiff and defendants bring error. Reversed and remanded.

Leahy & MacDonald, for plaintiffs in error.

Hargis & Griffin and L. P. Mosier, for defendant in error.

Opinion by DAVIS, C. This case comes to this court by petition in error from the county court of Osage county, sitting at Hominy, Okla. It appears from the record in this case that on the 7th day of February, 1911, V. D. Morgan obtained a judgment in the county court of Osage county, Okla., against Wm. Harlow and George Carl for the sum of $448.75, together with interest and $90 attorney's fee. When this action was begun, an order of attachment was issued out of the county court of Osage county sitting at Hominy, Okla., and delivered to one T. C. Trone, deputy sheriff of Osage county, Okla. When this judgment was taken. the attachment lien obtained in said action was by the court foreclosed, and the sheriff of Osage county was directed to sell the property attached by virtue of said writ, and apply the proceeds arising therefrom in the payment of the judgment thus obtained. Some time subsequent to the issuing of this attachment and the obtaining of the judgment in said cause, H. M. Freas became the sheriff of Osage county, and the order directing the sale of the attached property was delivered to him. The order of sale was subsequently returned showing, among other things, that the property taken under said writ could not be found. After the return of

this writ showing that the property was not forthcoming, this action was instituted by V. D. Morgan against R. A. Correll and the Southwestern Surety Insurance Company. It is alleged in the petition that the plaintiff in error Southwestern Surety Insurance Company was the surety on the official bond of R. A. Correll. The plaintiff in error R. A. Correll filed his answer in this cause, admitting, among other things, that at the time of the issuance of the writ of attachment he was the legally qualified and acting sheriff of Osage county, Okla., and that the Southwestern Surety Insurance Company was his bondsman. The plaintiff in error Southwestern Surety Insurance Company filed its separate answer, and in said answer it denies specifically each and every allegation in said petition contained, except that R. A. Correll was the duly appointed, qualified, and acting sheriff of Osage county, Okla., at the time mentioned in plaintiff's petition. This answer was duly verified by C. S. MacDonald, one of the attorneys for said surety company.

Numerous errors are assigned by the plaintiffs in error seeking a reversal of this cause. It will be unnecessary to set out each of said assignments for the reason that said judgment must be reversed. The answer of the Southwestern Surety Insurance Company, having been verified by oath and denying all the allegations in the petition contained except that R. A. Correll was the sheriff of Osage county, put in issue the execution of the bond herein sued upon. No proof having been offered on the part of the defendant in error of the execution of this bond, it was the duty of the court to have sustained a demurrer to the evidence at the close of the defendant in error's testimony. This rule has been announced by this court in the case of Moore et al. v. Leigh-Head & Co., 48 Okla. 228, 149 Pac. 1129, wherein the following rule is announced:

"The plaintiffs placed the witness Leigh on the stand, and he testified that J. T. Keeton sent his firm the bond sued on, but that he did not know the signature of any of those whose names appear on the bond, and he further stated that he did not know that they signed the bond. With this evidence, plaintiffs offered the bond as evidence, and the defendants objected to the introduction of the same for the reason that the execution was denied under oath and the signatures of the sureties had not been identifed. The court overruled the objection and permitted the bond to be introduced as evidence. In this the court committed error, because, the defendant having answered by a verified general denial, this placed the burden upon

the plaintiffs to prove the execution of the bond sued on."

To the same effect is the rule announced in the case of Lilly v. Russell, 4 Okla. 96, 44 Pac. 212; Richardson et al. v. Fellner et al., 9 Okla. 513, 60 Pac. 270. This rule has been so firmly established by all the decisions of the Supreme Court of this state that it is not an open question and must be adhered to in the trial of any cause of action wherein the execution of a written instrument is denied under oath. We are aware of the ruling that, where the evidence upon the part of the defendant discloses that he in fact executed the instrument, this failure of proof is cured and the error of the court in overruling a demurrer to the evidence does not constitute reversible error; but in the present case the record discloses that nowhere during the proceedings did the plaintiff in error the Southwestern Surety Insurance Company admit the execution of this bond, and the admission in the answer of plaintiff in error R. A. Correll cannot be held to be sufficient to cure this defect.

Various other assignments are made, and among others is that. the evidence as to the value of the property attached is not sufficient to justify the court in rendering judgment against the plaintiffs in error. In view of the fact that a reversal of this case will necessitate another trial, we deem it advisable to settle this question. The only evidence introduced by the defendant in error of the value of the property attached is a copy of the inventory and appraisement. We are of the opinion that this is sufficient evidence, in the absence of any controverting evidence, to make out a prima facie case in so far as the value of the property is concerned. This seems to be the rule announced in 6 C. J., at page 266, § 517f, which rule is as follows:

"An officer's return is admissible as prima facie evidence of the value of the property attached, but is not conclusive upon either the officer or the parties to the action and their privies, and is subject to be overcome by parol evidence of a different value."

And under subdivision (a) of note 17, 6 C. J., p. 266, the following rule is announced:

"If there is no other evidence of value than that contained in the return, it will be taken in an action against the officer as the correct value."

It is also urged that there is not sufficient evidence to warrant the court in finding that T. C. Trone was a deputy sheriff at the time of the alleged levy. The only evidence on this proposition considered was the records in the office of the county clerk of Osage county, wherein it is shown that the appointment of T. C. Trone as deputy sheriff of Osage county, Okla., was confirmed by the board of county commissioners of said county. While this evidence may not be altogether satisfactory, it is at least some evidence of his appointment and is sufficient to warrant the court in finding that he was, at the time of the levy of this writ of attachment, a deputy sheriff acting for and under R. A. Correll.

It is also urged that there is not sufficient evidence in the record to justify the court in finding that a levy was in truth and in fact made on the property described in the inventory and appraisement introduced in said cause. The only evidence in support of the allegation is the inventory and appraisement returned by T. C. Trone. In view of the fact that the presumption of law is that a judicial officer performs his duty, and that when a writ is placed in his hands it will be executed, we are of the opinion that a return of the inventory and appraisement of the property is sufficient evidence to justify the court in finding that an attachment was made on the property described, and set out in said inventory and appraisement.

For the reason heretofore set out, this cause is reversed and remanded to the county court of Osage county sitting at Hominy, Okla., for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.