## WYSONG et al. v. AMARILLO NATIONAL LIFE INS. CO.

No. 10648—Opinion Filed May 9, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

**1. New Trial—Grounds—Newly Discovered Evidence—Requisites.**

A rule of wide recognition regarding the granting of new trials on the ground of "newly discovered evidence" exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence. Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023.

**2. Same—Denial of Petition.**

Where the petition filed for a new trial on the ground of newly discovered evidence discloses that the parties filing the petition had notice at the trial of the existence of the alleged newly discovered evidence, that the parties failed to request the court to continue the cause for the purpose of obtaining the evidence, and it further appears that the evidence if introduced would probably not change the result of the trial, held, the court did not err in denying the petition.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by the Amarillo National Life Insurance Company against I. T. Wysong and others upon promissory notes and account. Judgment for plaintiff, and defendants bring error. Affirmed.

W. D. Halfhill, Chas. Buford, and I. T. Wysong, for plaintiffs in error.

B. B. Blakeney, J. H. Maxey, Hubert Ambrister, and Christy Russell, for defendant in error.

KENNAMER, J. The Amarillo National Life Insurance Company, as plaintiff, recovered a judgment against I. T. Wysong, F. C. Zenner, Charles Olentine, and E. H. Suhre, defendants, in the district court of Muskogee county September 21, 1917, for $1,658.01, with interest. The plaintiff recovered upon two promissory notes and an open account.

Wysong and Zenner had represented the plaintiff insurance company as its general agents and had executed to the plaintiff a certain bond in writing in the sum of $3,000, conditioned that said agents would faithfully perform their duties and account to the plaintiff for all moneys advanced to them during the continuation of their agency.

The defendants' answer pleaded a general denial and settlement of their indebtedness due the plaintiff. These issues were decided adversely to the defendants by the trial court, a jury having been waived.

It developed in the trial of the cause from the testimony of L. C. White, a witness on behalf of the plaintiff, that prior to the institution of the action the Amarillo National Life Insurance Company had sold its insurance business to the California State Life Insurance Company of Sacramento under a written contract of sale upon condition that the sale was subject to the approval of the Insurance Commissioners of California and Texas. At the conclusion of the testimony of the plaintiff the defendants moved the court to dismiss the case for the reason the uncontradicted evidence showed that there was a defect in the parties, in that the ownership of the notes in question at the time of the institution of the action was not in the plaintiff. The motion was overruled by the court.

The testimony of Mr. White was to the effect that he was an officer in the Amarillo National Life Insurance Company and the California State Life Insurance Company. That under the contract of sale made between the Amarillo National Life Insurance Company and the California State Life Insurance Company, the Amarillo National Life Insurance Company agreed to collect its accounts and notes, and that the same were not regarded as assets until collected.

The defendants filed a motion for new trial within three days after the rendition of the judgment in this case, but failed to prosecute an appeal within the six months

allowed by law from the overruling of the original motion for new trial.

Defendants, on the 11th day of February, 1918, filed a motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence alleged to have been discovered consisted of certified copies of the sales contract entered into between the Amarillo National Life Insurance Company and the California State Life Insurance Company. It is the contention of the defendants under these contracts that the plaintiff at the time of the institution of this action was not the owner of the notes and account on which the plaintiff recovered in the action. The motion alleged that the evidence was newly discovered and was such that they could not be advised of with due diligence. The motion, however, did allege that the defendants were advised at the trial by the evidence given by Mr. White that the title to the instruments sued upon had been transferred. The court overruled the second motion for new trial.

Defendants have prosecuted this appeal to reverse the judgment of the trial court and appear here as plaintiffs in error.

The parties will be referred to as they appeared in the trial of the cause.

The defendants assert in their brief that the only question presented to this court for determination is whether the plaintiff was the owner of the notes and accounts sued upon on the date it instituted its action. Counsel for defendants argue that the court did not have jurisdiction of the subject-matter of the action, for the reason under the facts the plaintiff was not the real party in interest and had no capacity to maintain the action.

The case of Southern Pine Lumber Company et al. v. Ward et al., 16 Okla. 131, 85 Pac. 459, is relied upon by counsel as supporting their contention. They quote the rule from this case as follows:

"That where an unauthorized person brings an action in the name of party who has not consented thereto, such action is fictitious and the court does not acquire jurisdiction of the plaintiff named or of the subject-matter, and any judgment rendered in such proceedings is void."

We have examined this authority and we find that it does not support the contention of counsel for defendants in this case. The facts in that case are quite distinguishable from the facts in the case at bar. In Southern Pine Lumber Company et al. v. Ward et al., supra, a judgment was pleaded as a defense to an action insti-tuted by the plaintiff. The plaintiff filed a reply to the answer attacking the validity of the judgment on the ground that the action wherein the judgment had been rendered was prosecuted without the knowledge and consent of the plaintiff, and that the court had no jurisdiction in the cause because the supposed plaintiff in the cause knew nothing about the filing of or institution of the action and that the judgment was recovered without his consent or authority. The court properly held in that case that the judgment was void for want of jurisdiction.

Now, in the case at bar, had the plaintiff, Amarillo National Life Insurance Company, instituted an action in the name of the State Life Insurance Company of California without the knowledge or consent of the State Life Insurance Company, it is quite obvious that in this situation the court would have no jurisdiction of the plaintiff or of the cause of action attempted to be pleaded or set up by such a plaintiff. But there can be no serious contention made in this case that the district court of Muskogee county did not have jurisdiction of all of the parties to the action, and the only defenses that the defendants pleaded in their answer filed in the action were a general denial and the settlement of the debt.

It is true that the defendants at the close of the plaintiff's testimony by Mr. White moved to dismiss the action upon the ground that the plaintiff did not have title to the notes and account sued upon, but the court overruled the motion, thereby adjudicating the very question, now raised, adversely to the contentions of the defendants. This judgment was by the defendants permitted to become final, except the defendants now seek a new trial upon the ground of newly discovered testimony.

This court, in the case of Vickers v. Philip Carey Company, 49 Okla. 231, 151 Pac. 1023, in an opinion delivered by Mr. Justice Sharp, announced the rule to be with respect to granting a new trial upon newly discovered evidence in the following language:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence,' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be ma-

terial to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

Under sections 5035 and 5037 of Revised Laws 1910, a party may apply for a new trial upon the ground of newly discovered evidence after the term of the court at which the judgment was rendered and within one year from the date of the judgment, where the evidence appears to be material to the issues involved in the case and could not have been discovered with reasonable diligence and produced at the trial, and the authorities support the rule that such applications are not favored in law. Vickers v. Philip Carey Company, supra; Moore v. Coates, 35 Ohio St. 177; Zimmerman v. Weigel, 158 Ind. 370, 63 N. E. 566.

It is apparent from an examination of this record that the motion filed by the defendants was properly overruled. The defendants had notice at the trial of the cause that the contracts which they attached as exhibits to their motion for new trial existed. No motion was made for a continuance, setting up surprise. Counsel contented themselves by relying upon the testimony of White as being sufficient to obtain a dismissal of the cause, and after making a motion requesting the court to dismiss the cause upon the ground that the plaintiff did not own the notes sued upon and the court ruled adversely to their contentions failed to prosecute an appeal to this court within the time allowed by law, where the action of the trial court could have been reviewed.

It also appears from the record that the plaintiff had the notes in its possession; the same were offered in evidence. There is no contention made that the State Insurance Company of California is asserting any right or interest in the notes or questioning the right and authority of the Amarillo National Life Insurance Company to collect the same. We are clearly of the opinion that there is no reversible error in the record. The judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.