## JOHNSTON, Adm'x, v. SHAFFER.

No. 12003—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Appeal and Error—Discretion of Lower Court—Continuance.**

The granting of a continuance is largely a matter within the discretion of the trial court, and the action of the trial court in refusing a continuance will not be reversed on appeal unless there was a clear abuse of discretion.

2. **Continuance—Discretion in Refusal—Impeaching Evidence.**

It is not an abuse of discretion for the trial court to refuse a continuance where the continuance was asked for the purpose of procuring testimony which was only of an impeaching nature.

3. **Appeal and Error—Discretion of Lower Court—Refusal of New Trial.**

The action of the trial court in refusing to grant a new trial on the ground of newly discovered evidence will not be reversed on appeal, in the absence of abuse of discretion on the part of the trial court.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Nettie Johnston, administratrix, against J. K. D. Shaffer. Judgment for defendant, and plaintiff brings error. Affirmed.

Asp, Snyder, Owen & Lybrand and W. L. Johnson, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

COCHRAN, J. This action was instituted by the plaintiff in error to recover damages from the defendant in error because of alleged fraud in the procurement of an extension of an oil and gas lease. Judgment was rendered for the defendant in error, from which an appeal has been taken. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff has presented three grounds for reversal of this case, viz.: (1) Error in overruling motion for a continuance; (2) error in overruling motion for a new trial;

and (3) that the verdict is not sustained by sufficient evidence.

During the trial of the case, Mrs. Johnston testified that the defendant came to see her husband about the extension of the lease about the 24th of January, and Mr. Johnston refused to sign the extension until he had seen a copy of the original lease; that the defendant, or his agent, procured what purported to be a copy of the original lease and delivered it to Johnston, and the extension agreement was thereafter executed. Gano testified for the defendant that he procured a copy of the lease for Johnston at his request, but that the same was procured and delivered to Johnston after the extension agreement had been executed, and that the copy of the lease was sent to him by Mr. Lowery, the attorney for the defendant, about January 27th, and was immediately delivered to Johnston. The plaintiff moved for a continuance of the case in order to procure the testimony of someone in Lowery's office to show that on January 16th, Gano had made the request of him to send a copy of this lease and Lowery had forwarded him a copy on January 17th. The plaintiff's theory in the trial court was that this testimony was material in order to impeach the witness Gano, and that it was error for the trial court to overrule the motion for continuance. This court has repeatedly held that the granting of a continuance is largely a matter of discretion, and the action of the trial court will not be reversed on appeal unless there has been a clear abuse of discretion. Butt v. Carson, 5 Okla. 160, 48 Pac. 182; Richardson v. Penny, 6 Okla. 329, 50 Pac. 231; McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Hutchings v. Cabble, 30 Okla. 158, 120 Pac. 1013; Keen & DeWade v. Fletcher, 31 Okla. 791, 123 Pac. 842; Walker Bond & Co. v. Purifier, 32 Okla. 844, 124 Pac. 322; Fire Ass'n of Philadelphia v. Farmers' Gin Co., 39 Okla. 162, 134 Pac. 443; Missouri, O. & G. Ry. Co. v. West, 50 Okla. 521, 151 Pac. 212; Jennings Co. v. Dyer, 41 Okla. 469, 139 Pac. 250; Comanche Mercantile Co. v. Waymire, 55 Okla. 318, 155 Pac. 542; Lusk v. Phelps, 71 Oklahoma, 175 Pac. 756; Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76.

It has also been held that the action of the trial court in refusing a continuance will not be reversed where the continuance was asked for the purpose of procuring testimony which was only of an impeaching nature. In McCann v. McCann, supra, the court said:

"If the testimony had been of a substantive nature, and necessary to support in chief an affirmative material issue, and it appeared that there was a surprise that could not, with proper diligence, have been foreseen, the court should have granted a continuance; but when the evidence is only of an impeaching nature, and relates solely to reputation, that is a matter more largely addressed to the discretion of the court, and its decision, as a rule, on such matters will not be disturbed on review."

It appearing that the plaintiff applied to the trial court for this continuance on the theory that it would impeach and discredit the witness Gano, we are of the opinion that it was not an abuse of the discretion of the trial court to overrule the motion.

The plaintiff filed a motion for a new trial on the ground of newly discovered evidence, alleging as newly discovered evidence the testimony above referred to. The action of the trial court in refusing to grant a new trial on the ground of newly discovered evidence will not be reversed on appeal in the absence of abuse of discretion on the part of the trial court. This court so announced in the following cases; Jones v. Oklahoma Planing Mill & Mfg. Co., 47 Okla. 477, 147 Pac. 999; McCants v. Thompson, 27 Okla. 706, 115 Pac. 600; Hobbs v. Smith, 27 Okla. 830, 115 Pac. 347; First Nat'l Bank of Taloga v. Farmers State Guaranty Bank of Thomas, 62 Okla. 30, 161 Pac. 1063; City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, the court held:

"It (evidence) must be material to the issue. It must not be merely cumulative to the former evidence. It must not be merely impeaching or contradictory of the former evidence."

In Wysong v. Amarillo Nat. Life Ins. Co., 87 Okla. 125, 209 Pac. 332, the court said:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) it must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

Since the contention of the plaintiff in the trial court and here has been that this testimony was material as impeaching the witness, Gano, and, since this court has announced that a new trial will not be granted for newly discovered evidence where such evidence is merely to impeach or contradict former evidence, it is our opinion that there was no abuse of discretion in overruling the motion for a new trial.

It is next contended that the verdict of the jury is not sustained by sufficient evidence. The evidence in this case was conflicting and was submitted to the jury on proper instructions, and, since the evidence reasonably supports the verdict of the jury, the same will not be disturbed by this court.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.