JAMES E. SIVILS v. JOHN TAYLOR.

(Filed July 18, 1902.)

1. **PROMISSORY NOTE DEFINED.** A promissory note is an instrument negotiable in form, whereby the signer promises to pay a specified sum of money. (Sec. 3389, Statutes of Oklahoma, 1893.)

2. **SIGNATURE DEFINED.** Signature or subscription includes mark, where the person cannot write, his name being written near it, and written by a person who writes his own name as a witness. (Sec. 2690.)

3. **SAME—Mark.** The mark of one who cannot write, under the statutes of this Territory, is not a signature or subscription, unless the person writing his name writes his own name as a witness under it.

4. **CAUSE OF ACTION—Stated in Petition, When.** Where the petition of the plaintiff declares upon five promissory notes, pur-

porting to be signed by mark, and not attested by a witness, the defendant denies the execution of the notes by answer duly verified, and on the trial the plaintiff testifies that the maker's name was signed to the notes by him at the maker's request, and that no other person was present when the same was signed, **Held,** that the petition does not state, nor the evidence prove a cause of action.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before Benj. F. Burwell, Trial Judge.*

*L. G. Pitman, T. G. Cutlip* and *W. S. Pendleton,* for plaintiffs in error.

No briefs filed for defendant in error.

### STATEMENT OF FACTS.

Action by John Taylor against James E. Silvis to recover on five promissory notes; jury trial; verdict for Taylor for $3,067; new trial denied, from which order denying a new trial, Sivils brings case here by petition in error for review. Reversed and remanded.

Opinion of the court by

BEAUCHAMP, J.: This action was commenced by Taylor against Sivils in the district court of Pottawatomie county to recover upon five promissory notes of four hundred dollars each, with interest at the rate of ten per cent per annum, bearing date August 30, 1894, the first being due January first, and one each year thereafter; each of the notes are for the same amount, and the same form and tenor, except the date of maturity, and reads as follows:

"400.00-100.

"BOKOSHE, I. T., Aug. 30, 1892.

"On or before January 1st, 1895, after date I promise

to pay to the order of John Taylor, the sum of Four Hundred Dollars, value received, with ten per cent. interest per annum from date until paid. If interest is not paid to become as principal, and bear the same rate of interest, payable without defalcation or discount. And I hereby relinquish and waive all right to the benefit of all laws in force in this state, exempting personal property from levy or forced sale on any judgment, execution, attachment, or other legal process in the collection of the above debt.

his<br>
"JAMES E. X SIVILS,<br>
mark."

Taylor alleged in his petition that Sivils being indebted to him in the sum of two thousand dollars on the 30th day of August, 1894, made, executed and delivered to him said notes. Sivils filed an answer, verified, denying generally and specifically the allegations of the petition, and the execution and delivery of the notes sued on, and denied any indebtedness to Taylor on August 30, 1894, for which the notes are alleged to have been given.

The cause coming on for trial, Sivils made application for a continuance on account of absent witnesses, which was by the court denied. Taylor was called as a witness in his own behalf, and testified that the notes sued on were given in settlement of an indebtedness from Sivils to him on an account and other indebtedness, and the name of Sivils was signed to the notes by him, (Taylor,) at the request of Sivils, and that he, (Sivils,) touched the pen which he, (Taylor,) made the mark with, purporting to be the mark of Sivils; that he had known Sivils for a considerable length of time and had always understood that he, (Sivils,) could not write; that he had written his name for him a number of times before; that the notes were signed and delivered

4—Vol 12

at his, (Taylor's) house in the Choctaw nation. The notes were identified by him and introduced in evidence over the objections of Sivils, and Taylor rested his case. Sivils demurred to the evidence, the court overruled the demurrer, Sivils excepted.

Sivils then testified in his own behalf, and denied any indebtedness to Taylor, August 30, 1894, and denied executing the notes or authorizing the signing of them by Taylor, and claimed that he could write his own name; and further testified that he was from one hundred to one hundred and fifty miles distant from Taylor's place on the day that the notes were claimed to have been signed by him. Other witnesses also testified that Sivils was at the place claimed by him on that date, and there was considerable testimony admitted as rebuttal tending to show that Sivils had admitted the notes, and testimony regarding a former indebtedness and settlement. The jury returned a verdict for Taylor for $3,067; motion for a new trial was overruled, exceptions duly saved, and Sivils brings case here upon petition in error for review.

The first assignment of error is: "That the court erred in overruling the motion of plaintiff in error for a new trial;" and the grounds therein are: "Surprise which ordinary prudence could not have guarded against;" but as the granting of a new trial, on the grounds of accident or surprise, is largely in the discretion of the trial court, and as a reversal is necessary for the reasons assigned in the second contention of plaintiff in error, we will pass the first.

The second is: "That the court erred in overruling the demurrer to the evidence." The action was upon the notes; Sivils denied the notes, and that the same were

executed by him. The petition set forth copies of the notes, and the same purported to have been signed by Sivils' mark. Section 3389, Statutes 1893, reads: "A promissory note is an instrument, negotiable in form, whereby the signer promises to pay a specific sum of money."

Section 2666 provides: "Words used in any statute are to be construed in their ordinary sense, except where a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained."

Section 2690: "'Signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness." The notes in question do not purport to have been signed by any person who subscribed his name as a witness; the notes do not bear the name or signature of any person as attesting witness.

Section 3389, *supra,* defines a promissory note. The notes sued on purport to be promissory notes as therein defined. Section 2666 provides how words used in the statute shall be understood, while section 2690 defines "signature."

The instrument sued on in no sense, as to the signature, conforms to the requirements of the statutes cited. The evidence does not in the least tend to supply the defects in the signature to the notes; on the contrary it strengthens the view that the notes were never executed by Sivils. Taylor testified that the name of Sivils was signed by him at the request of Sivils, and that Sivils touched the pen when he, (Taylor,) made the mark. As disclosed by the

evidence the two were the only persons present when the notes were signed. The notes being made to Taylor, he could not become an attesting witness, such as must in all reason be contemplated by the statutes; if so, then the very purpose of the statute, the prevention of fraud, could easily be defeated. Again, in signing the name of Sivils to the notes, Taylor must have acted as the agent of Sivils; he must have acted as the agent of the party contracting with him as beneficiary, and not only in signing the contract, but also in informing him of the contents; and if Taylor could so act, then he could suit himself as to the amount and terms, and Sivils could not show by parol evidence that the same were incorrectly stated; he could not vary or alter it by parol evidence. It would be contrary to all precedent and reason to hold that the payee of a note could, as the agent of the maker, who purports to sign by mark, sign the name of the maker, and, without complying with the requirements of the statutes, bind him thereby.

In the case of *Watson v. Billings,* 38 Ark. 278, the supreme court of Arkansas in construing a statute of that state that reads, "signature or subscription includes mark, when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness," the court say: "The mark of one who cannot write, made since the adoption of the civil code, is not a signature or subscription, unless the person writing his name writes his own name as a witness to it." Also see *ex parte Miller,* (Ark.) 3 S. W. p. 883.

At common law it is not necessary, to constitute a signature by mark, that the same should be attested by a witness, but under the statutes of this territory it is necessary;

and there is nothing in the record to show, nor is it contended that the common law prevails where the notes purport to have been executed, or that the law differs from the statutes of this territory, and in the absence of such a showing the laws of the two jurisdictions will be presumed to be the same.

It was error to admit the notes in evidence over the objections of Sivils; and when admitted, the evidence did not prove, neither does the petition state, a cause of action. The demurrer to the evidence should have been sustained.

The order of the trial court, refusing a new trial, is reversed, and the cause remanded with instructions to grant a new trial, and further proceed in accordance with this opinion.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., dissenting; Irwin, J., absent; all the other Justices concurring.