## HILL v. HAWKINS.

No. 4400.   Opinion Filed May 25, 1915.

(149 Pac. 213.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action between Josephine Hill and Mollie Hawkins. From the judgment, Josephine Hill brings error.    Affirmed.

*Mountjoy; Leith & Gavin,* for plaintiff in error.

*Orlando Swain,* for defendant in error.

PER CURIAM.  This is a companion case to that of *Josephine Hill, plaintiff in error, v. Mose Moore, defendant in error,* 46 Okla. 613, 149 Pac. 211.  The two cases were tried at the same time and upon the same facts, as far as applicable.  The court found for defendant in error in each case.  In the said case of *Hill v. Moore,* the trial court found that the deed to Josephine Hill was taken in violation of our champerty statute, and therefore the deed was void.

In the case at bar the court found generally for the defendant in error, Hawkins.  Notwithstanding, as in the case of *Hill v. Moore,* we find that it was error to exclude the deed offered in evidence by plaintiff in error, yet we think the facts overwhelmingly support the general findings of the court in favor of defendant in error, Hawkins.

The evidence discloses a transaction between an unscrupulous white woman and an old, ignorant, and illiterate negro woman.  Representing herself to be an agent sent out by the government to recover such lands as

the Creek freedman may have conveyed away illegally, she inveigles the old, helpless, negro woman to sign what was represented to her to be a power of attorney, but what in fact was a warranty deed, conveying to her all the land owned by the old negro woman, as well as other land sold by her to two other negroes.

The facts testified to by the plaintiff in error and fully corroborated by a numerous array of her satelites and retainers, all of whom evidenced a willingness to be "good witnesses," no matter how absurd their story, presented a case which the trial court could come to but one conclusion upon, and that was that the deed offered was a forgery, and it follows that the exclusion of the same did not affect the final results.

The judgment of the trial court will be affirmed, with costs taxed to plaintiff in error.

By the Court: It is so ordered.