**PHINNIE et al. v. ATKINSON.**

No. 8413—Opinion Filed Feb. 12, 1918.

Rehearing Denied Jan. 7, 1919.

(177 Pac. 111.)

(Syllabus.) ·

**1. Trial—Directed Verdict—Evidence.**

It is only when the evidence introduced in favor of defendants, together with such inferences and conclusions as may be reasonably drawn therefrom, is insufficient to support a verdict in favor of defendants, that the court is authorized to direct a verdict for plaintiff.

**2. Witnesses—Competency — Transactions with Decedent.**

Rev. Laws 1910, § 5049, construed, and held, that the court did not err in permitting plaintiff to testify to transactions had with deceased with reference to the execution of the note and mortgage, for the reason that plaintiff was neither executor, administrator, heir at law, next of kin, surviving partner, or assignee of deceased.

**3. Bills and Notes — Mortgages—Signatures By Mark.**

Deceased executed his note and mortgage, signed by mark and by two witnesses to the signature. The execution of the mortgage was duly acknowledged before a notary public. Held, that under Rev. Laws 1910, § 5541, it was not necessary for the witness, signing the name of deceased to the mortgage to sign his name as a witness thereto; and, where the note bore the signature of two witnesses to the signature by mark, and there was no evidence that the person signing the maker's name to the note did not sign as a witness, held, that the note was admissible in evidence.

**4. Action on Note—Judgment—Evidence.**

Evidence examined, and held sufficient to support the judgment rendered.

Error from District Court Blaine County; Thomas A. Edwards, Judge.

Suit by C. T. Atkinson against W. C. Phin-

nie and William Crawford. Judgment for plaintiff on a directed verdict, and defendants bring error. Affirmed.

Cress & St. Clair, for plaintiffs in error.

W. L. Cunningham, for defendant in error.

TURNER, J. On July 8, 1913, defendant in error, C. T. Atkinson, in the district court of Blaine county, sued plaintiffs in error, W. C. Phinnie and Wm. Crawford, on a promissory note executed by one Thomas Farmer, dated "Arkansas City, Kansas, September 7, 1899," and to foreclose a mortgage executed by him on certain lands in Blaine county to secure the payment thereof.

The amended petition substantially states: That after the execution of said note and mortgage the land was sold by Farmer to defendant Crawford, and by him in January, 1910, to defendant Phinnie, who is now in possession claiming title; that Farmer died in 1911; that no administrator has been appointed; that the note and mortgage are long since due and payable, as shown by copies thereof attached to the petition. For a second cause of action, plaintiff asked to be reimbursed for taxes he had paid on said land for several years, and that the property be sold according to the terms of the mortgage, etc.

For answer, defendant Phinnie, after general denial, specifically denied "that Thomas Farmer, at any time, executed the note and mortgage sued on in this case, as alleged in said petition of plaintiff; that the said Thomas Farmer at any time, or did any one for him, or his behalf, make the payments on the said alleged note as is shown by the purported indorsements on the back of said alleged note": and further, alleged that the action was barred by the statute of limitations. This answer was properly verified. At the close of the evidence the court instructed the jury to return a verdict in favor of plaintiff for the amount of note and mortgage, with

interest, but denied recovery for taxes, from which defendants appeal to this court.

The evidence shows: That one Parthenia Smith made settlement upon a certain quarter section of land in Blaine county as provided by law, and soon thereafter died. Her father, Thomas Farmer, a resident of Arkansas City. Kan., learning of her death, procured sufficient funds from plaintiff to pay his expenses to Blaine county and the burial expenses of his said daughter. Plaintiff also loaned Farmer certain funds to establish his residence and to prove up on the land belonging to Parthenia; he, it is alleged, being the sole heir. Among the moneys then loaned was an item of $249, as shown by receipt for draft introduced in evidence. With this money Farmer established his residence on the land and made proof thereof, and patent was thereafter duly issued to him. After the patent had been recorded, plaintiff and Farmer made settlement of their account and merged it into a note for $385, secured by mortgage on the land. The note and mortgage were signed by Farmer by mark and by two witnesses. Certain payments were made thereon from time to time up to August 26, 1908. Both plaintiff, the notary who acknowledged the mortgage, and one of the witnesses to the signature of Farmer thereto testified that the mortgage was read over and explained to Farmer before he signed same, that it was genuine, and that it was executed on the date shown, to wit, September 7, 1899.

Defendants contend the court erred in directing a verdict for plaintiff, for the reason that their evidence tended to show that Farmer was not in the state of Kansas at the time this note and mortgage purport to be executed, and for this reason that question should have been submitted to the jury. The most that can be said of defendants' evidence is that Phinnie testified that Farmer was not in Arkansas City on said date; but there is no evidence tending to show he was not in Kansas on September 7, 1899. the date of the execution of the note and mortgage. Other of defendants' witnesses as tending to show that Farmer was not in Kansas at said time, testified on cross-examination merely that "they did not know for sure whether he was or was not in the state of Kansas at said time."

Admitting the truth of all the evidence introduced in favor of defendants, together with such inferences and conclusions as may reasonably be drawn therefrom, there is no sufficient evidence upon which a verdict in

favor of defendants could be sustained. Hence the court did not err in directing a verdict for plaintiff. Chesnutt-Gib. Groc. Co. v. Consumers' Fruit Co., 44 Okla. 318, 144 Pac. 591; Jones v. First St. Bank, 39 Okla. 784. 136 Pac. 737; Solts v. Southwestern Cot. Oil Co, 28 Okla. 706, 115 Pac. 76.

It is next contended tht the court erred in permitting plaintiff, over objection, to testify with reference to the execution and acknowledgment of the note and mortgage and the credits thereon for the reason said transactions were made with Farmer who was deceased. This contention must likewise fall. Section 5049, Rev. Laws 1910, reads:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor, * * * when such surviving partner or joint contractor is an adverse party. * * *"

Plaintiff was neither executor, administrator, heir at law, next of kin, surviving partner, nor assignee of Farmer. Such persons are not permitted to testify with reference to transactions had with deceased, where they acquired title to the cause of action from the deceased. Neither was plaintiff incompetent to testify under any other of the provisions of said section of the statute.

Complaint is also made that the court erred in admitting the note and mortgage in evidence, upon the ground that the signature thereto by mark was not properly witnessed. Rev. Laws 1910, § 2945, in part reads:

" 'Signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness."

And section 5541, Id.:

"The term 'signature' includes a mark when the person cannot write, his name being written near it, and the mark being witnessed by a person who writes his own name as a witness, except to an affidavit or depo-

sition, or a paper executed before a judicial officer, in which case the attestation of the officer is sufficient."

Under these provisions of the statute, it is not necessary for the person signing the name of the maker to also sign his name as a witness where, as here, the mortgage was acknowledged by an officer as required by law. Hill v. Moore, 46 Okla. 613, 149 Pac. 211; Sims v. Hedges, 32 Okla. 683 123 Pac. 155. The note on its face bears the signature of two witnesses to the execution thereto, one of whom testified at the trial by deposition that the same was read over to Farmer and explained to him, and that he signed the same by his mark. But there is no evidence in the record to the effect that the witness signing the name of Farmer to the note did not sign as a witness to his signature, and for that reason we are of opinion that the court did not err in admitting the note in evidence.

The note was not barred by the statute of limitations, as the action was commenced within five years from date of last payment thereon. True, the cause was dismissed for want of prosecution after the lapse of the statutory period, but was, upon motion, reinstated and an amended petition filed.

We deem it unnecessary to consider any of the other assignments of error, for, after a careful reading of the record, we are of opinion that substantial justice has been done.

Affirmed.

All the Justices concur.