## CITIZENS' BANK OF GANS v. STRICKLAND.

No. 8441—Opinion Filed Sept. 3, 1918.

Rehearing Denied Oct. 23, 1918.

(175 Pac. 506.)

(Syllabus.)

1. Signatures — Signature by Mark—Construction of Statute.

Under section 2945 and section 5541, Rev. Laws 1910, in order for one who cannot write to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument near such signature as a witness thereto except in case of an affidavit or deposition, or a paper executed before a judicial officer; and where the name of the maker is written by one person, and different persons write their names as witnesses, such does not constitute a "signature," within the meaning of the statute.

2. Same—Proof of Signature.

The statute being mandatory, where the terms have not been complied with, it is not competent to prove that the maker in fact executed the instrument, when the execution thereof is properly put in issue.

Error from District Court, Sequoyah County; J. H. Pitchford, Judge.

Action by the Citizens' Bank of Gans. against B. G. Strickland. Judgment for defendant, and plaintiff brings error. Affirmed.

McCombs & McCombs, for plaintiff in error.

J. H. Jarman, for defendant in error.

SHARP, C. J. The question presented for our consideration involves the validity of the signatures of defendant in error Strickland to the promissory note and chattel mortgage in question. In his answer and as a witness in his own behalf the defendant denied the execution of both the note and mortgage. Strickland was an illiterate person, and the evidence of the plaintiff was to the effect that his name was signed by one E. C. Gilbert, cashier of the bank, who also made the cross mark between the initial and surname of the maker. The mark of the maker was witnessed by witnesses Myrtle Hurley and C. E. Stimpson, but not by Gilbert. On the trial defendant offered to prove by Gilbert and Stimpson that Strickland executed the note and mortgage by mark in their presence and in the presence of Myrtle Hurley. A signature, as defined in section 2827, Rev. Laws, includes any name, mark, or sign, written with the intent to authenticate any instrument of writing. By section 2945 a signature or subscription includes a mark when the person cannot write his name being written near it, and written by a person who writes his own name as a witness. Section 5541, c. 62, upon the subject of criminal procedure, provides that a signature includes a mark when the person cannot write his name being witnessed near it, and the mark being witnessed by a person who writes his own name as a witness, except to an affidavit or deposition, or a paper executed before a judicial officer, in which case the attestation of the officer is sufficient. A negotiable promissory note, within the meaning of chapter 49, Rev. Laws, is an unconditional promise in writing made by one person to another, signed by the maker engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer. Section 4234. Section 4051 also requires that a negotiable instrument must be in writing and signed by the maker. Section 4036 requires that a mortgage of personal property must be signed by the mortgagor, and that the signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may

be signed and validated by the signature of two persons not interested therein. The mortgage in question was not executed before an officer authorized to take acknowledgments.

As by statute both promissory notes and chattel mortgages are required to be in writing and signed by the maker, are such instruments valid when executed by one who cannot sign his own name, unless in the manner provided by statute? The question has frequently been before this court, and has been uniformly resolved against the validity of an execution not made in compliance with the statute. In Sivils v. Taylor, 12 Okla. 47, 69 Pac. 867, Sivils signed the note by mark, his name being written by the payee thereof. It was held that the mark did not constitute a signature or subscription, unless the person writing the name of the maker wrote his own name as a witness thereto. In Sime et al. v. Hodges, 32 Okla. 683, 123 Pac. 155, it was held that under sections 2965 and 6492, Comp. Laws, 1909, in order for one who cannot write to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, except in the case of a paper executed before a judicial officer, and that it is not sufficient to constitute a signature where the name of the maker is written by one person and a wholly different person writes his name as a witness. In that case, as here, the plaintiff offered evidence tending to show that John Sims had executed the note and mortgage and that Louisiana Sims had executed them by mark; but the testimony was uncontradicted that the person who wrote her name on the note and mortgage did not write his name as a witness. The case is therefore squarely in point. In Walker Bond & Co. v. Purifier et al., 32 Okla. 844, 124 Pac. 322, it was held, in order for one who cannot write to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, and when the name of the maker is written by one person, and a different person writes his name as a witness, such does not constitute a signature. Hill v. Moore, 46 Okla. 613, 149 Pac. 211, and Scivally v. Doyle, 50 Okla. 275, 151 Pac. 618, are to the same effect.

We are not unmindful that cases are to be found which would perhaps sustain the contention so ably urged by counsel for the bank. The fault in the argument rests in the fact that the question at hand is not one of

evidence, but of the validity of the execution of the instruments. Until the mark of the maker is witnessed in the manner prescribed by statute, in legal contemplation there is no signature or subscription. In other words, the instrument is not signed. The statute is one affording protection to unfortunate illiterates unable to sign their own names. The purpose of the Legislature undoubtedly was to afford security to those who by reason of their ignorance were unable to protect themselves from fraud and imposition. Houston v. State, 114 Ala. 15, 21 South. 813. To hold, in the face of the statute, that independent evidence could be offered to establish the act of the maker, would be to defeat the policy of the law, and to emasculate the requirements of the statute. The law is not intended to work a hardship on those who may engage as a business, or occasionally in the taking of promissory notes or securities, and does not. All that is expected is that in such cases, as in countless other provisions imposed by our statutes, the plain mandate of the law be observed. To have admitted the evidence offered by the bank would have been to circumvent, or at least to make of little service, the wholesome provision of the law enacted to prevent impositions upon an illiterate class of our citizens.

The judgment of the trial court is affirmed.

All the Justices concurring.