Note.—See under (1) 37 Cyc. pp. 1370, 1370 (Anno). (2) 37 Cyc. p. 1370. (Anno).

---

# KEMPER v. TODD.

No. 16764 —Opinion Filed July 6, 1926.

Rehearing Denied Feb. 8, 1927.

1. **Signatures—Signature by Mark—Statutory Requisites.**

The term "signature" or "subscription" is defined by section 3560, Comp. Stat. 1921, to include "mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness." This is mandatory. (Citizen's Bank v. Strickland, 71 Okla. 136, 175 Pac. 506).

2. **Same—Invalidity of Conveyance with Defective Signature by Mark.**

Section 5277, Comp. Stat. 1921, is a special statute placed upon the statute books by the codifiers of what is known as the Harris-Day Code, and became effective on the 16th day of May, 1913, by special proclamation of the Secretary of State, and covered the special subject of the due execution of a conveyance of real estate, or incumbering the same by a written instrument by a person who cannot write his name, who shall execute the same by his mark, and the terms of said statute are mandatory where it provides that the name of the person executing the instrument by mark **shall** be written near such mark by one of two persons who saw such mark made, who **shall** write their names on such instrument as witnesses, and where an instrument is executed which in no wise complies with the provisions of said statute, said instrument is not effective to convey title to said real estate.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Payne County; Chas C. Smith, Judge.

Action by V. L. Todd against Bessie Todd Kemper and another. Judgment for plaintiff, and defendant named brings error. Reversed and remanded, with directions.

John A. Nordin, Mont F. Highley, and J. W. Reece, for plaintiff in error.

Wilcox & Swank, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Payne county by V. L. Todd, defendant in error, plaintiff below, against Bertha Dial Poulos and Bessie Todd Kemper, defendants below, Bessie Todd Kemper being plaintiff in error, for confirmation of title in defendant in error to certain real estate, situate in Payne county, and to quiet title in defendant in error. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

From the petition it appears that blocks 23, 24, 25, 26, 39, 40, 41, ant 42 were part of the old town site of Clayton, Okla., and contained 16 acres , located in the northeast quarter of the southeast quarter of section 23, township 18 north, range 3 east of the Indian Meridian; that said property was deeded by patent by the Uni-

ted States to certain trustees, and was conveyed by mesne conveyances to W. F. Todd, the father of the plaintiff, V. L. Todd, and on June 11, 1922, the same was conveyed by plaintiff, V. L. Todd, to W. F. Todd by warranty deed by virtue of which the plaintiff claims title in this action. A copy of the deed is attached to the petition, marked "Exhibit N," that part that is questioned being as follows:

"In witness whereof, the said party of the first part has hereunto set his hand the day and year first above written.

his
"W. F. x Todd"
mark

That W. F. Todd died intestate shortly after the execution of the deed above referred to, leaving surviving him the plaintiff, V. L. Todd, and the two defendants, who were daughters of W. F. Todd, and certain other heirs, each of said heirs named being entitled to a one-fifth interest in his estate as the sole and surviving heirs of the said W. F. Todd; that the plaintiff has secured conveyances from all of the heirs except the defendant, Bessie Todd Kemper.

A general demurrer was filed by the defendant, Bessie Todd Kemper, which was overruled by the court and exception reserved. Said defendant filed answer by way of general denial, specifically denying the execution of the deed relied upon, and denying that W. F. Todd executed the deed relied upon, and denying that the alleged signature of W. F. Todd was his signature, but admitting that she had an interest in the lands in controversy to the extent of a one-fifth interest, and admitted that her father, W. F. Todd, died possessed of said lands, and, by way of further answer, alleged that W. F. Todd was her father; that he died intestate, possessed in fee simple of the lands in controversy, and that the title thereunto passed by law of succession to his heirs at law, and that she, being one of five children, became the owner of an undivided one-fifth interest, or share, in said lands, and prayed that she be adjudged and decreed the owner in fee simple of an undivided one-fifth interest therein.

The cause proceeded to trial before the court, without the intervention of a jury, and at the close of the evidence on part of the plaintiff, the defendant demurred to the evidence of the plaintiff on the grounds that the same was not sufficient to entitle the plaintiff to any relief, and that the purported deed of W. F. Todd to V. L. Todd, and the testimony in regard thereto,

were incompetent, irrelevant, and immaterial, which demurrer was by the court overruled, and defendant reserved exception. The defendant chose to stand upon her demurrer, and decline to introduce testimony on her behalf, and the court pronounced judgment in favor of the plaintiff and against the defendant, confirming and quieting title in the plaintiff and perpetually enjoining the defendant, or anyone claiming by, through, or under her, from claiming any title or interest therein, adverse to plaintiff, and for his costs, from which judgment of the court the defendant, Bessie Todd Kemper, appeals to this court for review.

The attorneys for defendant, in their brief, set up the assignment of error that the court erred in overruling defendant's demurrer to the petition, objecting to the testimony, and demurrer to the evidence of plaintiff, which go to the question of the validity and competency of the deed, heretofore referred to in this opinion, and contend that the deed on its face, not having been witnessed, was void and incompetent, and that the same was not acknowledged and was therefore void and incompetent, and, if made and delivered at all, it was executed and delivered on the Sabbath day, and it was therefore incompetent as evidence.

The evidence upon the question of the execution of the warranty deed from W. F. Todd, to V. L. Todd, which was made the sole basis for his claim to title by plaintiff as between him and the defendant, Bessie Todd Kemper, is that W. C. Sharum, the notary public, went to the home of W. L. Todd, and, at his request, drew the deed, there being present at the time W. F. Todd, the grantor, V. L. Todd, the grantee, and his wife and the notary public; that the notary public wrote the name of W. F. Todd to the instrument and that W. F. Todd touched the pen when the mark was made. The deed itself shows that it bears the name of no attesting witness; that the notary did not go through the form, after the signing of the instrument, of asking the grantor, W. F. Todd, if he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth, and that after the notary attached his seal to the acknowledgment to the instrument, he, the notary, delivered the same to V. L. Todd.

The question presented here, under this state of facts, is, Was this deed executed under the requirements of the statutes of this state for the conveyance of real es-

tate? and we must review the legislative history of the statutes under consideration. Section 5277, Comp. Stat. 1921, is as follows:

"When real estate is conveyed or incumbered by an instrument in writing by a person who cannot write his name, he shall execute the same by his mark, and his name shall be written near such mark by one of two persons who saw such mark made, who shall write their names on such instrument as witnesses. In case such instrument is acknowledged, then the officer taking the acknowledgment shall, in addition to the other necessary recitals in the acknowledgment, state that the grantor executed the instrument, by inserting the ordinary form of acknowledgment by individuals after the words 'foregoing instrument' the words by his mark, in my presence and in the presence of_____ _____and_____ as witnesses'."

It will be observed that this statute makes two requirements, the first part of the section dealing solely with the execution of the conveyance and the latter part dealing solely with the acknowledgment of the instrument, in case it should be acknowledged. This section is a new section of the statute and appears for the first time in the Revised Laws of Oklahoma, commonly known as the Harris-Day Code, and became effective on the 16th day of May, 1913, and is found as section 1180, Rev. Laws of Oklahoma 1910.

Section 5238, Comp. Stat. 1921, which provides that no subscribing witness shall be necessary to the validity of any deed or mortgage contract, affecting or relating to real estate, and section 5251, which provides that the acknowledging or recording of the instrument is unnecessary as between the parties, but providing that the unrecorded instrument shall not be valid against third persons, were, at the time section 5277, supra, was put into effect, in full force in the state of Oklahoma, being sections 1141 and 1154, Rev. Laws 1910, and appearing at pages 93 and 94 of the Laws of 1897. Then, bearing this in mind it was undoubtedly the intention to modify the then existing law, and to change the rule as to the execution of conveyance by mark, and, if the two preceding sections were to be given force and effect as to conveyances, executed by mark, why was it necessary, or for what purpose was section 5277 engrafted into the laws of this state? This section is a special section covering the special subject, and that is the execution of a conveyance of real estate by a person unable to write his name to the instrument. While it is true that we had, under Criminal Procedure, sec. 2343, Comp. Stat. 1921, a statute that a signature included a mark, when a person could not write, and providing his name should be written near the mark and witnessed by a person writing his own name as a witness, making an exception of an instrument executed before a judicial officer and providing that the attestation of the officer in such a case should be sufficient, yet that provision of the statute was found at section 5541, Rev. Laws 1910, and it was provided in section 5542, following, that this character, in which this provision is found, applies to criminal actions only and to all proceedings in criminal cases, and has no application whatever to the law of conveyances of real estate. Even before the adoption of section 5277, the Supreme Court of the Territory of Oklahoma, in the case of Sivils v. Taylor, 12 Okla. 47, 69 Pac. 867. held:

"The mark of one who cannot write, under the statutes of this territory, is not a signature or subscription, unless the person writing his name writes his own name as a witness under it."

And the court held, in the fourth paragraph of the syllabus in that case, that where an action was brought upon five promissory notes, signed by mark and not attested by witness, the petition did not state or the evidence prove a cause of action.

The case of Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127, is relied upon by the attorneys for plaintiff as authority to sustain the deed because the same was acknowledged before a notary public, but this opinion was handed down on the 12th day of March, 1912, prior to the adoption of section 5277, and upon reading the opinion, we find, at the middle of page 439, in the last part of the first paragraph, that the instruments "were signed by said several grantors by mark only and witnessed by two persons subscribing their names thereto as such," which fact meets the requirements of section 5277, as to attestation.

In the case of Simms v. Hedges, 32 Okla. 683, 123 Pac. 155, decided April 9, 1912, prior to the adoption of section 5277, it was held in the third paragraph of the syllabus, that the person who wrote the name of the maker must also write his own name on the instrument as a witness to the signature, except when executed before a judicial officer, and in the concluding words of the said paragraph we find the following:

"When the name of the maker is written by one person and a wholly different person writes his name as a witness, this does not constitute a signature."

And, in the body of the opinion, the court refused to pass upon the question as to whether the instrument would have been valid, if executed before a judicial officer.

The case of Hill v. Moore, 46 Okla. 613, 149 Pac. 211, decided by this court on May 25, 1915. after section 5277 became effective, presented a case where the deed was signed by mark and witnessed by two witnesses, and it was held in the first paragraph of the syllabus in that case, however, that the signing of two witnesses was necessary except where the officer taking the acknowledgment signed the name of the maker of the deed to the instrument, and also signed his name as a witness and two other persons signed their names as witnesses to the instrument, and that when this was done, the statute had been sufficiently complied with, and it was further held in the second paragraph of the syllabus, that witnesses to the mark of an unacknowledged instrument were necessary, and that the same was not a signature, or subscription, unless the person writing the name wrote his own name as a witness.

It is further contended that the case of Phinnie et al. v. Atkinson, 72 Okla. 1, 177 Pac. 111, held that the same being executed before a judicial officer was sufficient, and that the person who signed the name of the maker, was not necessarily required to sign his name as a witness, and upon a reading of this case, we find that it cites as the authorities for this holding the cases of Hill v. Moore, supra, and Simms v. Hedges, supra, but, upon reading the opinion in the case of Phinnie v. Atkinson, we find that two witnesses signed the instrument under consideration there, and in practically every case where the question of the execution of the instrument turned upon the question of whether there were attesting witnesses to the mark, we find that there were such attesting witnesses.

In the instant case there were no attesting witnesses to the conveyance; the notary public himself, who wrote the name of the grantor, did not sign as a witness. The acknowledgment of the instrument shows that there was no one present, except the grantee and his wife, the notary public, and the grantor, and, under such circumstances, we are constrained to hold that the deed did not, in any manner, conform to the requirements of the law of conveyances of this state where the same was signed by mark of the grantor. As heretofore stated, this is a special act applying specially to the execution of the conveyance of an instrument concerning real estate by mark, and it contains the mandatory requirement that the grantor's name shall be written near the mark by one of two persons who saw such mark made, who shall write their names on such instrument as witnesses. Then follows the requirement as to the acknowledgment, if an acknowledgment be necessary. This requirement is not unlike the requirement of the statute in regard to attestation of witnesses to a will, which, under our statute, is mandatory. This provision of the statute was placed upon our statute books for a purpose. and the requirement of the statute is clear and unambiguous, and it is the duty of the courts to give the effect to the intention of the lawmakers, and not to nullify or render useless the clear intent and purpose of the Legislature by strained construction.

In addition to section 5277, we have section 3560, Comp. Stat. 1921, which says that the word "signature" or "subscription" includes "mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness." This was not done in this case, and therefore under the above definition, there was no "signature" or "subscription" to the deed, relied upon by plaintiff in this case. This is mandatory, as decided by this court in the case of Citizen's Bank v. Strickland, 71 Okla. 136, 175 Pac. 506.

We are therefore of the opinion that the execution of the warranty deed, under consideration here, in no wise and no sense, meets the requirements of the plain provisions of the statutory law of this state, and it was reversible error for the trial court to overrule the demurrer of the defendant to the petition filed by plaintiff, basing his sole right to recover as against this defendant upon said deed, and it was reversible error not to sustain the demurrer of the defendant to the evidence of plaintiff in this cause, and it therefore follows that the other questions raised will not have to be considered in this opinion, and the judgment of the lower court should be reversed and remanded to the lower court, with instructions to render judgment in favor of the defendant, as prayed for in her answer.

By the Court: It is so ordered.