## WAGNER v. DAVIDSON et al.

No. 17529. Opinion Filed July 19, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. Acknowledgment — Impeachment of Notary's Certificate—Proof.

A notary public's certificate of acknowledgment to a mortgage, regular on its face, is strong evidence of the fact therein stated, but it may be impeached by evidence, facts, and circumstances which are clear, cogent, and convincing and which produce a conviction amounting to a moral certainty that such certificate is false.

2. Appeal and Error—Questions of Fact—Sufficiency of Evidence as to Agency—Declarations of Agent Incompetent.

The general rule is that declarations of an alleged agent, standing alone, are incompetent to establish agency, but where the facts upon which the questions of agency are controverted become an issue to be determined by the court, or jury, from all the facts and circumstances, the finding of the court, or jury, will not be disturbed on appeal when reasonably supported by such evidence, facts, and circumstances.

3. Acknowledgment — Invalidity Where Taken by Notary Outside His County.

Section 7860, C. O. S. 1921, providing that "the Governor shall appoint and commission in each county, as the occasion may require, one or more notaries public, who shall hold their office for four years," authorizes such notary public to perform official acts as such notary public only in the county for which he is commissioned, and an acknowledgment to a written instrument taken outside

of the county for or in which a notary public is commissioned is a nullity.

4. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict or Findings of Court in Law Action.**

Where questions of fact are submitted to a jury, their verdict will not be disturbed on appeal where there is any evidence reasonably tending to support the same, and in law actions, where a jury is waived and questions of fact submitted to the court, the court's findings on such questions of fact will likewise not be disturbed on appeal if there is any evidence reasonably tending to support the same.

Error from District Court, Pushmataha County; G. M. Barrett, Judge.

Action by Arthur Wagner against J. A. Davidson and Dovie D. Davidson et al. on note and to foreclose real estate mortgage; Grace Russell interpleading. Judgment against intervener, and against defendant J. A. Davidson on note, but for defendants Davidson canceling mortgage, and plaintiff and intervener bring error. Affirmed.

D. C. Stanard, M. L. Hankins, and Welch & Welch, for plaintiff in error.

Rainey, Flynn, Green & Anderson, John Cocke, and Calvin Jones, for defendants in error.

PHELPS, J. This cause comes here on appeal from the district court of Pushmataha county. The plaintiff and defendants occupy the same relative postition here as in the trial court, and will be so referred to herein.

It appears from the allegations of the pleadings that the defendants, J. A. Davidson and Dovie D. Davidson, executed their promissory note for $1,081.50, payable to the Conservative Loan & Trust Company, to secure which they executed a mortgage covering certain real estate located in Pushmataha county. The note and mortgage were assigned to the plaintiff, Arthur Wagner, a resident of the state of Wisconsin. It also appears that another note for $100 was executed by defendants, which latter note was assigned to Grace Russell. The plaintiff brought suit praying judgment on the note and foreclosure of the mortgage. Grace Russell interpleaded, also praying judgment on the $100 note held by her. The defendants, J. A. Davidson and Dovie D. Davidson, filed their answer, pleading want of consideration. They pleaded, further, denying execution of the note and mortgage, and alleged that the lands in question constituted their homestead.

With the issues thus joined the cause was tried to the court without the intervention of a jury, and at the conclusion of the trial the court found that one Charles L. Cole acted as agent for the Conservative Loan & Trust Company in procuring the signatures of the defendants to the note and mortgage; that said Charles L. Cole also acted as the notary public in taking the acknowledgments of defendants to the mortgage; and that said Charles L. Cole was commissioned as notary in Choctaw county and that the purported acknowledgments were taken in Pushmataha county. The court further found that the lands in question constituted the homestead of defendants, J. A. Davidson and Dovie D. Davidson, upon which homestead they were living at the time of the purported execution of the instruments in question; that Dovie D. Davidson was unable to write and that her signature to the instruments was procured by Charles L. Cole, who acted as agent and notary public, holding the hand of said Dovie D. Davidson and writing her name on the instruments while she held the pen with which such signature was written, and concluded, as a matter of law, that, inasmuch as said Charles L. Cole was commissioned a notary public in Choctaw county, he could not legally act as notary public in Pushmataha county, and that the purported acknowledgment to the mortgage was void, and that the name of Dovie D. Davidson not having been signed to the note and mortgage as provided by law for those who are unable to write, her purported signature to such instrument was void, and that, inasmuch as the lands covered by the purported mortgage constituted the homestead of the parties, and there being no consideration therefor, the purported mortgage was void.

The court further found and held that Grace Russell was the holder of the $100 note as collateral security for money due her from the Conservative Loan & Trust Company, but that she failed to establish the fact that the Conservative Loan & Trust Company was in any way indebted to her, and that she, therefore, was not entitled to recover. The court then rendered judgment in favor of the plaintiff on the $1,140 note as against defendant J. A. Davidson, and rendered judgment in favor of defendants J. A. Davidson and Dovie D. Davidson, canceling and setting aside the purported mortgage against their homestead, from which judgment the plaintiff, Arthur Wagner, and cross-petitioner, Grace Russell, prosecute this appeal.

Counsel for plaintiff present six assign-

ments of error, the first four of which are presented together in their briefs under what they term their first proposition, which is that the trial court erred in finding that the land covered by the mortgage was the homestead of defendants, that the acknowledgment of the notary was taken in Pushmataha county, and that the notary who took the acknowledgment was the agent of the Conservative Loan & Trust Company.

The law in this state that, where questions of fact are presented to a jury, the jury's verdict will not be disturbed if there is any evidence reasonably tending to support it, is so well settled that the citation of authorities is unnecessary, and it is just as well settled that where a jury is waived and questions of fact are submitted to the court, the court's findings on such questions of fact are conclusive if there is any evidence reasonably tending to support such findings. It, therefore, follows that the question here presented is: Is there any evidence reasonably tending to support the court's findings?

Defendants' amended answer, upon which the cause went to trial, was sworn to by Dovie Davidson and it is there pleaded that the Davidsons were married and were living together as man and wife and that the land covered by the mortgage constituted their homestead and that Dovie Davidson did not sign the purported mortgage. In support of these allegations J. A. Davidson testified that they had been married about 30 years; that they had been living upon this land nine or ten years at the time the purported mortgage was executed, and at the time of the trial of this action they were still living upon it. There appears to have been no effort on the part of the plaintiff to question the allegations of the amended answer, or the evidence in support thereof, claiming the premises as a homestead. The record does not show that there was any positive statement or affirmative declaration in the evidence that the defendants claimed the land in question as their homestead, but from the allegations of the pleadings, and from all the evidence introduced, the court could reach no other conclusion than that this land was the homestead of defendants.

It is further contended by plaintiff that there is no evidence to support the court's finding that the acknowledgment to the deed was taken in Pushmataha county by a notary public commissioned in Choctaw county, but an examination of the record shows that this contention is without merit. The evidence of J. A. Davidson conclusively shows that all the papers pertaining to the transaction and all the negotiations had relative to the loan were had at their home in Pushmataha county and that it was there where the acknowledgment was taken.

Counsel for plaintiff cite a number of authorities tending to support their contention that the testimony of defendant J. A. Davidson was not sufficient to overcome the presumption of the regularity of the acknowledgment where it shows upon its face to have been taken in Choctaw county.

This court has, on numerous occasions, held that:

"The evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false." Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275.

Counsel, also cite Nickel v. Janda, 115 Okla. 207, 242 Pac. 264, holding that where the notary's certificate is regular on its face, this is strong evidence of the facts therein stated and its impeachment can be sustained only by clear, cogent, and convincing testimony and cannot be overcome by the testimony of the grantor alone where the surrounding facts are as consistent with the truth of the certificate as they are with the denials of the grantor. We have no quarrel with this rule. We believe it to be salutary, but, under the facts, as shown by the record in the instant case, the evidence was, in our judgment, sufficient to produce a conviction amounting to a moral certainty that the certificate of the notary was false. Indeed, all of the evidence introduced was to this effect, and there was no effort by cross-examination or otherwise to show the contrary.

It is further contended by counsel for plaintiff that there is no evidence to support the court's finding that Charles L. Cole, who negotiated the deal between the Conservative Loan & Trust Company and the defendants and who also acted as notary public in preparing and taking the defendant's acknowledgment to the papers, was the agent of the Conservative Loan & Trust Company and, therefore, an interested party. This contention we also find without merit. It is true, as contended by plaintiff and held by the authorities cited in his brief, that the burden of proving agency is upon the one who seeks to establish it, and that as a general proposition agency cannot be established by the statements alone of the supposed agent.

However, in Iowa Dairy Separator Co. v.

Sanders, 40 Okla. 656, 140 Pac. 406, in paragraph 1 of the syllabus, this court said:

"Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury from all the facts and circumstances."

It was also held in that case that circumstances tending to prove agency might be considered. It was also held in Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408. It appears from the record that there was no objection made to the testimony offered to prove the things upon which the court based its findings of fact, and in Brownell v. Moorehead, supra, in the 4th paragraph of the syllabus, this court said:

"It is not permissible for counsel to be quiet and allow evidence to come out and take advantage of it if favorable, and if not to ask that it be stricken out. Still less can a party complain of the court's refusal to sustain such a motion to strike when the testimony given is in direct response to one of his own questions."

The above authority is particularly applicable here, since it appears that J. A. Davidson was called as a witness by plaintiff and the testimony upon which the court based its findings of fact was given by him either upon direct examination by counsel for plaintiff or brought out on cross-examination.

Assignments of error numbered 5 and 6 are presented in plaintiff's brief under what is denominated his second proposition, which is as follows:

"The court was in error in rendering judgment for defendants canceling the mortgage sued on and the note as to Dovie D. Davidson, said judgment being contrary to the evidence and contrary to the law and a denial of justice to the plaintiff, who is the owner of the note in question as a holder in due course and protected under the law of negotiable instruments."

Under this proposition counsel for plaintiff contend that even though the acknowledgment to the deed was taken in Pushmataha county, that fact did not invalidate such acknowledgment, or, differently stated, they contend that a notary public may take the acknowledgment of the subscriber to a written instrument in a county other than the county for or in which such notary public is commissioned. On this contention no citation of authority, in this jurisdiction, is furnished us, and we, therefore, conclude that none exists. A number of other states have held that the authority of a notary public is confined to official acts within the county for which he is commissioned, but,

referring to these authorities, counsel for plaintiff contend that these decisions are based upon express statutory provisions.

Section 7860, C. O. S. 1921, reads as follows:

"The Governor shall appoint and commission in each county, as occasion may require, one or more notaries public, who shall hold their office for four years."

To us it seems to be clear inference from the language of this act that the notary is not only appointed in the county, but is likewise commissioned in the county, and that the word "commissioned" would carry with it the imputation at least that he is permitted to discharge official duties only within the confines of the county in which he is commissioned.

Having reached this conclusion, we necessarily conclude that the attempted acknowledgment had no force or effect whatever and the mortgage stood in the same position it would have stood in had there been no attempt at all to take the acknowledgment of the subscriber thereto. In this connection, however, it is contended by counsel for plaintiff that the acknowledgment is not essential to the validity of the instrument as between the parties thereto, but, in view of the conclusion reached herein, as a whole, we deem that question immaterial.

All the evidence in the case shows that Dovie Davidson was unable to write. The evidence furthers shows her name was written upon the note and mortgage by Charles L. Cole, who acted as agent for the mortgagee, and also as notary public, by his holding her hand while she held the pen, and her name was thus written upon the instruments. There is no claim on the part of any one that her signature was placed upon the papers in any other manner, and defendants claim that this was equivalent to no signature at all, while counsel for plaintiff insist that, as her name was written upon the instruments in this manner, at least with her consent, if not by her direction, it thereby became her signature and she is bound by it.

Section 5277, C. O. S. 1921, reads as follows:

"When real estate is conveyed or incumbered by an instrument in writing by a person who cannot write his name, he shall execute the same by his mark, and his name shall be written near such mark by one of two persons who saw such mark made, who shall write their names on such instrument as witnesses. In case such instrument is acknowledged, then the officer taking

the acknowledgment shall, in addition to the other necessary recitals in the acknowledgment, state that the grantor executed the instrument, by inserting the ordinary form of acknowledgment by individuals after the words 'foregoing instrument' the words 'by his mark, in my presence and in the presence of——and——as witnesses.'"

From the above section of the statute it will be observed that a specific method is provided for obtaining the signature to conveyances of one who is unable to write, and in Citizens Bank v. Strickland, 71 Okla. 136, 175 Pac. 506, in the second paragraph of the syllabus, this court said, relative to the above quoted section of the statute:

"The statute being mandatory, where its terms have not been complied with, it is not competent to prove that the maker in fact executed the instrument, when the execution thereof is properly put in issue."

To the same effect is the holding in Kemper v. Todd, 123 Okla. 209, 255 Pac. 701.

In Starr v. Vaughn, 113 Okla. 247, 241 Pac. 152, this court held that a slight variation from a strict compliance with the statutory method of witnessing the signature to an instrument, of one who is unable to write, is waived where the instrument is acknowledged by the grantor, such acknowledgment being an adoption of his signature. A different condition, however, is presented in the instant case, in that the purported acknowledgment having been taken by a notary commissioned in a different county, such acknowledgment was equivalent to no acknowledgment at all.

Counsel for plaintiff cite Combs v. Lairmore, 106 Okla. 48, 233 Pac. 231, to sustain their contention that the signature to the instruments in question was valid. In that case this court, in the 4th paragraph of the syllabus, said:

"Where, in a conveyance of real estate, the grantor has another not interested in the transaction to sign his name to the conveyance, and he adopts the same as his signature or appends his mark thereto, and adopts it as his signature, such signing is all that the law requires."

An examination of that authority, however, reveals an entirely different state of facts to the facts in the instant case. There the method of signing the instrument was called in question by the heirs of the signer after his death. In the instant case it can hardly be said that the notary public and agent of the mortgagee who wrote the name on the instrument was disinterested, and at her first opportunity she denied that the name upon the instrument constituted her signature.

Then, summarizing, we reach the conclusion that the trial court's findings and judgment were amply sustained by the evidence; that the notary public attempted to take the acknowledgment of the mortgagors in a different county than the county in which he was commissioned; that he was the agent for the mortgagee and, therefore, an interested party; that the signature of Dovie Davidson was not appended to the note and mortgage as by statute provided for those who are unable to write and was, therefore, void, and as there was no acknowledgment as the law requires, there can be no adoption of such signature as contemplated in Starr v. Vaughn, supra.

Having reached this conclusion, it necessarily follows that the judgment of the trial court must be in all things affirmed.

All the Justices concur.

Note.—See under (1) 1 C. J. p. 886; §266; p. 893, §275; p. 896 §284. (2) 2 C. J. p. 935, §692; p. 970, §740; p. 853, §2834; p. 879, §2853. (3) 1 C. J. p. 809, §122. (4) 4 C. J. p. 853, §2834; p. 879, §2853.